IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, 580 & 530 SWEDESFORD ASSOCIATES, LP, and KEYSTONE PROPERTY GROUP, GP, LLC,<br><br>*Plaintiffs,*<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 2:10-CV-04293-CMR<br><br><br><br><br>[This Document has been Electronically Filed] |

## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANT ZURICH AMERICAN INSURANCE COMPANY

Defendant, Zurich American Insurance Company, by and through its counsel, Bodell, Bove, Grace & Van Horn, P.C., hereby files a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and avers the following:

1. This matter concerns a claim for insurance coverage arising out of a fall in an elevator.

2. Zurich American Insurance Company issued an Owner's and Contractor's Protective Liability ("OCPL") insuring grant which provided insured status to plaintiffs 580 & 530 Swedesford Associates, LP, and Keystone Property Group, GP, LLC.

3. Coverage is afforded under the OCPL grant for "operations performed for" Swedesford and Keystone by the "contractor," who is Schindler Elevator. However, coverage is excluded when Schindler's work has been put to its "intended use." Schindler was not working on the elevator at the time of the loss, was not on site, and was not named as a defendant in the complaint filed by the tort plaintiff. Per the averments in a joinder complaint filed by Swedesford and Keystone, Schindler "technicians were working on the elevators…**in the**

days **preceding** Plaintiff's alleged accident." As Schindler was not servicing the elevator at the time of the loss, there is no coverage under the OCPL grant for Swedesford and Keystone.

4. The underlying litigation resulted in a defense verdict for the tort defendants, so only a duty to defend is at issue in this coverage litigation.

### I.   FACTUAL BACKGROUND

#### A.   The Instant Coverage Action

5. The instant action was filed by Fireman's Fund Insurance Company, 580 & 530 Swedesford Associates, LP ("Swedesford"), and Keystone Property Group, GP, LLC ("Keystone") against Zurich American Insurance Company ("Zurich") seeking a declaratory judgment that Zurich is obligated to defend Swedesford and Keystone in the civil action styled as *Dadario v. 580 and 530 Swedesford Associates, et al*, CCP Chester County, No. 08-00924 (the "*Dadario* litigation"). Plaintiffs also included counts for breach of contract and breach of the duty of good faith.

6. Swedesford is a limited partnership which owns and operates a property located at 530 East Swedesford Road, Wayne, Pennsylvania, where the underlying accident occurred (the "Subject Premises"). *See* Dec. Complt. at ¶6.

7. ("Keystone") acted as property manager for the Subject Premises. *Id*. at ¶7.

8. Fireman's Fund Insurance Company issued a commercial general liability policy to Swedesford and is alleged to have provided a defense to Swedesford and Keystone for the *Dadario* litigation. *Id*. at ¶7.

9. Zurich issued Commercial General Liability Policy GLO 6445435 ("Zurich CGL Policy")

to Schindler Enterprises, Inc ("Schindler").

10. The Zurich CGL Policy includes an Owners and Contractors Protective Liability form at OCP 4905576 (the "OCPL" coverage grant).

### B. The Underlying Litigation

11. On or about January 29, 2008, Gaetano Dadario ("Dadario") filed the "*Dadario* litigation against Swedesford, Keystone, and General Electric (a tenant in the Subject Premises), seeking compensation for injuries he allegedly sustained on August 29, 2006 at 5:30 AM when he tripped over a purportedly "uneven and/or irregular surface" of an elevator floor as he attempted to enter the elevator on the third floor of the Subject Premises. Dadario Complt. at ¶7. A copy of Dadario's complaint is attached at Exhibit "A."

12. Dadario worked in the Subject Premises as a security guard and averred Swedesford, the owner, knew of the defective and dangerous condition of the elevator, and was negligent, *inter alia*, for failing to properly maintain and inspect the elevator, for failing to correct the condition, and for failing to warn of the condition. *Id.* at ¶¶8,9.

13. Identical averments of negligence were pled against Keystone, the property manager for the Subject Premises. *Id.* at ¶¶16, 19-20.

14. Dadario did not file a complaint against Schindler Elevator.

### 1. Joinder of Schindler Elevator Corporation

15. A Joinder Complaint was filed in the *Dadario* litigation on January 8, 2009 against Schindler by Swedesford and Keystone, who averred Schindler "technicians were working on the elevators located at 580 and 530 Swedesford Road in Wayne, PA **in the days preceding** Plaintiff's alleged accident." Joinder Complt. at ¶11. A copy of the Joinder Complaint is

attached at Exhibit "B." There is no averment that Schindler was working on the elevator at the time of the loss.

16. The Joinder Complaint referenced a Continuing Service Contract between Schindler and Keystone, and contained four counts: (1) negligence; (2) breach of contract for failing to service the elevator in accord with its contract; (3) breach of contract for failing to defend Swedesford and Keystone; (4) and breach of contract for failing to indemnify Swedesford and Keystone.

### 2. Outcome of the *Dadario* Litigation

17. On January 31, 2011, the jury found Swedesford, Keystone, and Schindler negligent, but concluded their negligence was not a factual cause of Dadario's harm.

18. This coverage litigation is now limited to whether Zurich had an obligation to defend Swedesford and Keystone pursuant to the OCPL coverage grant.

### C. The Continuing Service Contract

19. On April 25, 2005, Schindler entered into a Continuing Service Contract for three hydraulic passenger elevators at the Subject Premises.

20. A copy of the Continuing Service Contract for 530 East Swedesford Road was attached at Exhibit "A" to defendant's Answer, and is attached hereto at Exhibit "D."

21. The copy of the Continuing Service Contract appended to plaintiffs' Complaint is for a different property, and more importantly, is inaccurate regarding the insurance procurement provision, as the same does not include an Addendum.

22. Per the Addendum, Schindler agreed that it "will name all required parties as insured on an Owner's and Contractor's Protective Liability (OCPL) Policy."

23. The Addendum deleted any obligation name Swedesford and Keystone as additional insureds on the Zurich CGL coverage form.

### D. Zurich OCPL Grant of Coverage

24. The OCPL declarations identify the "Named Insured" as 580 & 530 Swedesford Associates, L.P. c/o Keystone Properties Groups, Inc. *See* "Owners and Contractors Protective Liability Policy Declarations." A copy of the OCPL form is attached at Exhibit "E."

25. The designated contractor is identified as "Schindler Elevator Corporation" and the location of "covered operations" is "530 & 580 East Swedesford Road, Wayne, PA." *Id.*

26. The OCPL grant provides in pertinent part:

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

    Owners and Contractors Protective Liability Coverage Form - Coverage for Operations of Designated Contractor, CG 0009 (07/98), at Section I., ¶1.a.

27. Coverage applies only as follows:

    b. This insurance applies to "bodily injury" and "property damage" only if:
    (1) The "bodily injury" or "property damage" is caused by an "occurrence" and arises out of:
    (a) Operations performed for you by the "contractor" at the location specified in the Declarations; or
    (b) Your acts or omissions in connection with the general supervision of such operations; ....

    *Id.* at ¶1.b.(1).

    #### 1. Exclusions to Coverage

28. Coverage under the OCPL grant is subject to the following intended use exclusion:

c. Work Completed Or Put To Its Intended Use

"Bodily injury" or "property damage" which occurs after the earlier of the following times:

(1) When all "work"[1] on the project (other than service, maintenance or repairs) to be performed for you by the "contractor" at the site of the covered operations has been completed; **or**

(2) When the portion of the "contractor's" "work", out of which the injury or damage arises, has been put to its **intended use** by any person or organization, other than another contractor or subcontractor working directly or indirectly for the "contractor" or as part of the same project.

*Id.* at, ¶2.c.

29. In addition to the "intended use" exclusion, the OCPL grant is subject to an exclusion for the losses arising from the insured's (Swedesford's and Keystone's) own acts or omissions, other than general supervision of the contractor (Schindler):

d. Acts Or Omissions By You And Your Employees

This insurance does not apply to:

"Bodily injury" or "property damage" arising out of your,[2] or your "employees", acts or omissions other than general supervision of "work" performed for you by the "contractor".

*Id.* at, ¶2.d.

## II. ARGUMENT

30. The only coverage obligation at issue is the duty to defend.

---

[1] The definition of the term "work" states: "'Work' includes materials, parts or equipment furnished in connection with the operations." Section V., ¶16.

[2] The preamble to the coverage form states "[t]he terms "you" and "your" refer to the Named Insured shown in the declarations, "580 & 530 Swedesofrd Associates, L.P. c/o Keystone Properties Group, Inc."

31. The duty to defend in Pennsylvania is determined exclusively by the allegations in the underlying Complaint. *Specialty Surfaces Int'l v. Cont'l Cas. Co.*, 609 F.3d 223, 238 (3d Cir. Pa. 2010) ("We examine only the allegations in the complaint when determining whether the insurance company must defend the insured.").

32. There were no allegations of negligence pled against Schindler by Dadario in his tort complaint.

33. There were no allegations in the Dadario tort complaint that Schindler was performing work on or about the elevator at the time of the loss.

34. Schindler was not on site and was not working on the elevator at the time of the accident.

35. Swedesford and Keystone averred in the joinder complaint that it was in "the days preceding" Dadario's accident when Schindler had last worked on the elevator.

36. Dadario was attempting to enter the elevator on the third floor at the time of his fall. Dadario Complt. at ¶7.

37. Schindler's work had been put to its intended use at the time of the accident.

38. Assuming coverage was even triggered under the Zurich OCPL grant, an injury occurring at a time when Schindler was not engaged in servicing the elevator is excluded by the intended use exclusion in ¶2.c. *See e.g., Zurich Ins. Co. v. Principal Mut. Ins. Co.*, 134 Md. App. 643, 761 A.2d 344 (2000), *Liberty Mut. Fire Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 363 Ill. App. 3d 335, 842 N.E.2d 170, 299 Ill. Dec. 431 (Ill. App. Ct. 1st Dist. 2005), and *James v. Hyatt Corp. of Delaware*, 981 F.2d 810 (5th Cir. La. 1993), addressed in the accompanying memorandum of law.

39. Further, a third party complaint brought by the putative insured does not serve to trigger

coverage. *Dale Corp. v. Cumberland Mut. Fire Ins. Co.*, No. 09-1115, 2010 U.S. Dist. LEXIS 127126, *25 (E.D. Pa. Nov. 30, 2010).

40. Dadario alleged the elevator was under the control of Swedesford and Keystone, and only pled claims against Swedesford and Keystone in his tort complaint, therefore excluding under the exclusion for "your acts and omissions" in ¶2.d.

41. As there was no duty to defend, there is no breach of contract nor breach of the duty of good faith.

42. The coverage position taken by Zurich, as set forth in detail in the accompanying memorandum of law, is in accord with multiple decisions across a wide spectrum of jurisdictions, which hold coverage is excluded under the OCPL grant when the contractor is not performing work on the elevator at the time of the loss.

WHEREFORE, defendant Zurich American Insurance Company respectfully requests that summary judgment be entered in its favor.

Respectfully Submitted,

/s/ Marc J. Syken
Louis A. Bové, Esquire
Marc J. Syken, Esquire
PA 53071/PA 62533
BODELL, BOVÉ, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Floor
30 South 15th Street
Philadelphia, PA 19102
Tel: (215) 864-6600
Fax: (215) 864-6610
lbove@bodellbove.com
msyken@bodellbove.com
*Attorney(s) for Defendant,*
*Zurich American Insurance Company*